UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re

    DIDAR SINGH                                     Chapter 13
                                                 Case #: 17-70680-ast

                                 Debtors

-------------------------------------------------------------X

## STIPULATION AND ORDER SETTING ALLOWED CLAIM OF CREDITOR FIRST JERSEY CREDIT UNION

     WHEREAS, the debtor filed the instant Chapter 13 petition with this Court on or about February 7, 2017; and

     WHEREAS, at the time of filing the debtor was the guarantor of two promissory notes (the "Notes") given by MDAMRIT Taxi Inc. ("MDAMRIT") and Cheema Transportation Corp. ("Cheema") to First Jersey Credit Union ("First Jersey"), each in the principal amount of $1,700,000.00; and

     WHEREAS, on March 8, 2017, First Jersey, by counsel, filed proof of claim number 1-1 in the amount of $3,233,233.46 (the "Unpaid Amount"); and

     WHEREAS, MDAMRIT, Cheema and First Jersey have reached a global resolution and restructuring of the Notes (as modified, the "Restructured Notes"); and

     WHEREAS, at the time of filing, the debtor had non-exempt equity its property to which would inure to First Jersey and the creditors of this estate in the event of the liquidation of such property; and

     WHEREAS, the Debtor has provided First Jersey with current appraisals of the fair market value of any and all non-exempt assets of the Debtor, including, but not limited to, any and all real property owned by the Debtor (the "Real Property"), as well as

a liquidation analysis of the Debtor's non-exempt assets and the parties agree that the net liquidation value of the Debtor's non-exempt assets for the purposes of this Chapter 13 case is $72,740.00.

WHEREAS, after extended discussions between the debtor's counsel and counsel for First Jersey, the parties have reached an amicable resolution regarding the disposition of this claim without the necessity of prosecuting any motion practice before this Court; and

WHEREAS, after due deliberation by both parties, the parties desire to enter into this stipulation to reflect the treatment of the proof of claim filed by First Jersey.

NOW, THEREFORE, is hereby stipulated and agreed that;

1. Proof of claim #1-1 filed by First Jersey on March 8, 2017, in the amount of $3,233,233.46 shall be reclassified, reduced, and allowed, as a general unsecured claim in the amount of $72,740.00 (the "Reduced Amount")
.
2. MDAMRIT, Cheema and First Jersey shall enter into a separate agreements (the "Modified Loan Agreements") encompassing the terms of the Restructured Notes.

3. Debtor shall: (a) confirm a Chapter 13 plan of reorganization (the "Plan"); (b) First Jersey shall be paid 100% of the Reduced Amount under the Plan;   (c) remain current on all Plan requirements necessary to receive a bankruptcy discharge; and (d) compel MDAMRIT and Cheema to remain current under the terms of the Modified Loan Agreement during the life of the Plan.

4. Debtor's failure to comply with any of  the requirements of paragraph 3 above shall be deemed a default under this agreement (each, a "Default").

5. Upon a Default by the Debtor, as described in paragraph 3 above, First Jersey shall be entitled to seek the full Unpaid Amount from the Debtor and/or MDAMRIT and Cheema respectively under the terms of the original Notes, including, but not limited to, filing an objection to the confirmation of the Plan, seeking relief from the automatic stay and/or moving to dismiss the Debtor's Chapter 13 case.

6. This settlement agreement is subject to approval by the Bankruptcy Court.

Dated: April 24, 2018
Carle Place, New York

s/Richard S. Feinsilver
____________________
Richard S. Feinsilver, Esq.
Attorney for Debtor

Dated: March 5, 2018
Islandia, New York

Macco and Stern LLP

s/Cooper J. Macco
_______________________
Cooper J. Macco, Esq.
Attorney for First Jersey

"SO ORDERED"

**Dated: May 9, 2018**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**